# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHRISTINE T. CLEMINS, et al.,**
        **Plaintiffs,**

     v.                                                                Case No. 11-CV-00210

**GE MONEY BANK,**
        **Defendant.**

---

## DECISION AND ORDER

Plaintiffs Christine Clemins and Rose Rowley are suing defendant GE Money Bank for breach of contract and violations of Wisconsin statutory law in connection with retail credit cards issued by defendant. Plaintiffs are suing on behalf of themselves and a class of similarly situated individuals. There are three separate credit cards involved in this case: a Wal-Mart credit card taken out by Clemins, a Sam's Club credit card taken out by Clemins, and a Wal-Mart credit card taken out by Rowley. Defendant worked in partnership with the retail stores to offer these cards, and plaintiffs are now suing defendant because of its "debt cancellation program." The debt cancellation program is an optional service that defendant offers to its credit card customers that promises to cancel a customer's credit card debt in times of financial hardship. Plaintiffs' cardholder and debt cancellation program contracts contain provisions that require plaintiffs to individually arbitrate disputes with defendant. Defendant has filed a motion to enforce the arbitration agreements in plaintiffs' contracts, and plaintiffs have filed a motion to defer ruling on defendant's motion until they have the opportunity to conduct limited discovery on the question of arbitrability.

Limited discovery prior to a ruling on a motion to compel arbitration is appropriate where a court still needs to resolve factual questions relevant to the enforceability of the arbitration agreement. Granite Rock Co. v. Int'l Bhd. of Teamsters, 130 S. Ct. 2847, 2855 (2010). Here, plaintiffs argue that the arbitration agreements are unenforceable because they are unconscionable. Two bodies of state law are potentially relevant to the contracts in this case: Wisconsin and Utah. Under either state's law, a contract that is both procedurally and substantively unconscionable is unenforceable, and the party seeking to invalidate a contract bears the burden of proving unconscionability. Compare Wis. Auto Title Loans, Inc. v. Jones, 290 Wis. 2d 514, 531 (2006) with Knight Adjustment Bureau v. Lewis, 228 P. 3d 754, 756 (Utah Ct. App. 2010). Since plaintiffs have the burden of proof on the issue of unconscionability and have raised some factual questions relevant to that issue, I will allow them to conduct discovery in the areas described in this order.

First, I will allow plaintiffs to inquire about the information defendant and defendant's affiliates have provided to customers about the binding arbitration provisions in their credit card contracts, and about the number of customers who have elected to opt out of that provision. Under both Wisconsin and Utah law, the weaker party's ability to understand and to negotiate the terms of the contract are factors in the analysis of procedural unconscionability. Wis. Auto Title Loans, Inc. v. Jones, 290 Wis. 2d 514, 531 (2006); The Cantamar, LLC v. Champagne, 142 P.3d 140, 152 (Utah Ct. App. 2006). Defendant claims that it gives customers several opportunities to opt out of the arbitration provisions in their credit card agreements and that these opt-out provisions weigh against a finding of procedural unconscionability, but plaintiffs argue that these opportunities to opt out are not meaningful because customers do not understand the terms of their contracts.

Second, I will allow plaintiffs to conduct discovery into the specific costs they are likely to incur in an arbitration handled by the American Arbitration Association ("AAA"). The Supreme Court has recognized that prohibitively high arbitration costs could in some case preclude a litigant from effectively vindicating his or her rights in an arbitral forum. Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 90 (2000). If arbitration is too costly for consumers, then the arbitration agreements might be substantively unconscionable because they unfairly favor defendants. Defendant's promise in the arbitration agreements to pay all arbitration fees up to $2500 and to consider requests to cover more than that "in good faith" makes it seem unlikely that plaintiffs will be able to prove that the cost of arbitration is too high. However, I will permit discovery on this issue because it is unclear how far $2500 will go toward the total cost of arbitration, and defendant only promises to consider requests to pay fees over that amount. Therefore, plaintiffs can ask defendant about the nature and result of past arbitrations in front of the AAA between defendant or defendant's affiliates and credit card holders, including the amount each party ultimately paid in costs. Relevant costs include the administrative fee as well as the arbitrator's fees and expenses. I am limiting discovery to arbitrations in front of the AAA because it is the only possible arbitral forum for plaintiffs' claims. The National Arbitration Forum ("NAF") is unable to arbitrate these claims because of a consent decree it signed with Minnesota's attorney general, and defendant amended the arbitration agreements to eliminate Judicial Arbitration and Mediation Services, Inc. ("JAMS") as a possible administrator.

Plaintiffs' request for discovery into defendant's relationship with the AAA, the NAF and JAMS is denied. The AAA is the only relevant administrator, and plaintiffs have not presented any evidence that indicates the AAA might have an inappropriate relationship

with defendant. Granting plaintiffs unlimited pre-arbitration discovery would frustrate the Federal Arbitration Act's goal of promoting arbitration as an alternative to litigation. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 30 (1991). Plaintiffs' request to conduct discovery on "the existence of unilateral modifications to the language of the cardholder agreement" is also denied. Defendant has already filed with the court several documents reflecting the unilateral amendments it has made to each of plaintiffs' credit card agreements, and plaintiffs have not indicated why these documents are insufficient.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to defer ruling [docket # 10] is **GRANTED IN PART**. All discovery requests for the topics outlined in this order shall be served to allow for discovery to be completed within 90 days of the date of this order.

**IT IS FURTHER ORDERED** that defendant's motion to compel arbitration [docket # 5] is **DENIED WITHOUT PREJUDICE**. Defendant can renew this motion following the completion of discovery.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2011.

s/_____
LYNN ADELMAN
District Judge